# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

BRIONNA SCHMIDT,

                Plaintiff,

   v.

ALLSTATE INSURANCE COMPANY,

                Defendant.

No. 3:19-cv-05589-RBL

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING ALLSTATE'S AFFIRMATIVE DEFENSES ALLEGING SETTLEMENT

This matter comes before the Court on Plaintiff Schmidt's Motion for Summary Judgment Regarding Allstate's Affirmative Defenses Alleging Settlement. Having reviewed Schmidt's motion, Allstate's response and Schmidt's reply, the Court makes the following findings:

1. Plaintiff's motion for summary judgment is **GRANTED**.

2. Allstate has the burden of proof on its affirmative defenses. *Duenez v. Dakota Creek Indus. Inc.*, C16-1238-JCC, 2018 WL 488948, at *7 (W.D. Wash. Jan. 19, 2018) (citing *Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981)). Thus, Schmidt may obtain summary judgment on Allstate's affirmative defenses by showing that Allstate lacks evidence supporting Allstate's affirmative defenses.

*Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) and *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). Once Schmidt meets this burden, Allstate must "'come forward with specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

3. Allstate's third, fourth, fifth, and sixth affirmative defenses each require proof Schmidt agreed to settle and release the claims alleged in this lawsuit by accepting Allstate's pre-litigation partial payment of Schmidt's insurance policy benefits. *See* Allstate's Answer, Dkt. No. 12, pp. 3-5 (Allstate's affirmative defenses asserting "The parties agreed to settle and compromise the case…" and "The Parties…negotiated and settled all claims…").

4. Washington law determines whether Schmidt agreed to release her insurance bad faith claims against Allstate. *Evanston Ins. Co. v. Clark Cty.*, 10-CV-5625 RBL, 2012 WL 2068775, at *3 (W.D. Wash. June 8, 2012) (citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir.1989)). Under Washington law, a settlement is a contract requiring the parties objectively manifest their agreement. *Id.* (citations omitted).

5. Schmidt meets her burden to show the absence of evidence supporting Allstate's third through sixth affirmative defenses. Schmidt proffers email correspondence establishing Allstate agreed to pay part of Schmidt's insurance benefits without requesting Schmidt release claims against Allstate. *See* Declaration of McKean J. Evans, Ex. A. Indeed, Allstate knew Schmidt intended to file this lawsuit but

**PLAINTIFF LITIGATION GROUP PLLC**
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

nevertheless tendered payment without requesting a release. *Id.* Further, Schmidt

points out Allstate's interrogatory answers and initial disclosures identify no

facts or documents supporting Schmidt's agreement to release claims against

Allstate. *See* Dkt. No. 20-10 (Allstate's discovery responses), p. 6 (response to

Interrogatory No. 3); Dkt. No. 18 (Allstate's initial disclosures), p. 4.

6. Allstate fails to meet its burden to "come forward with specific facts showing

   that there is a genuine issue for trial" regarding Schmidt's agreement to release

   claims against Allstate by accepting Allstate's pre-litigation partial insurance

   benefit payment. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Allstate identifies

   no objective manifestation of Schmidt's intent to release claims against Allstate

   by accepting insurance benefits. Absent such evidence, Allstate cannot prove

   Schmidt settled or released the claims alleged in this lawsuit. *Evanston Ins. Co.*,

   WL 2068775, at *3 (citations omitted).

7. Accordingly, the Court enters summary judgment in favor of plaintiff Schmidt

   and against defendant Allstate on Allstate's third, fourth, fifth, and sixth

   affirmative defenses.

**IT IS SO ORDERED.**

Dated this 13th day of April, 2020.


Ronald B. Leighton
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT REGARDING ALLSTATE'S
AFFIRMATIVE DEFENSES ALLEGING SETTLEMENT;
(No. 3:19-cv-05589-RBL) - 3

**PLAINTIFF LITIGATION GROUP PLLC**
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

Presented by:

PLAINTIFF LITIGATION GROUP, PLLC


By: *s/ McKean J. Evans*
    Isaac Ruiz, WSBA #35237
    McKean Evans, WSBA #52750
    Plaintiff Litigation Group, PLLC
    95 S. Jackson St., Suite 100
    Seattle, WA 98104
    Telephone: (206) 203-9100
    Fax: (206) 785-1702
    Email: iruiz@plaintifflit.com
    Email: mevans@plaintifflit.com

    *Attorneys for Plaintiff Brionna Schmidt*

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT REGARDING ALLSTATE'S
AFFIRMATIVE DEFENSES ALLEGING SETTLEMENT;
(No. 3:19-cv-05589-RBL) - 4

**PLAINTIFF LITIGATION GROUP PLLC**
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702